UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDRE D. JEFFERSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-510-DRL-MGG |
| DANNY BAILEY, ASHLEY CZAPCZYK, and JOHN DOE, | |
| Defendants. | |

OPINION AND ORDER

Andre D. Jefferson, a prisoner without a lawyer, filed an amended complaint. ECF 17. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The complaint alleges Mr. Jefferson was assaulted by fellow inmates early in the morning of March 27, 2020. It alleges Officer Danny Bailey watched from the officer's cage as several inmates approached him in the GSC Complex 7 Dorm. Mr. Jefferson argues Officer Bailey should have intervened before those inmates attacked him moments later. Pursuant to the Eighth Amendment, correctional officials have a

constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). But "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id*. Thus, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). To state a claim for failure to protect, a plaintiff must establish "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Here, the complaint says nothing about how Officer Bailey had actual knowledge the inmates who approached Mr. Jefferson on March 27, 2020, were planning to attack him.

After the attack began, the complaint alleges Officer Bailey exited the officer's cage and yelled at the inmates to stop fighting. Yelling at the attackers was clearly not deliberately indifferent. Mr. Jefferson argues Officer Bailey should have also called for assistance from fellow officers. It is unclear whether other officers could have arrived before the assault ended. If they could, perhaps Officer Bailey was negligent or unreasonable for not calling for help, but "[n]egligence on the part of an official does not violate the constitution [because] deliberate indifference requires an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Neither is it enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Here, the allegation that Officer Bailey exited the officer's cage and

yelled at the attackers shows he did not consciously disregard the risk to Mr. Jefferson even if he did not call other guards for assistance.

After the attack ended, the complaint alleges Mr. Jefferson asked Officer Bailey to call a sergeant to discuss protective custody. It alleges Officer Bailey briefly delayed calling; but, soon thereafter, an unknown sergeant and Sgt. Ashley Czapczyk spoke to Mr. Jefferson about his protective custody request. When they left, they told him they would be back. Sgt. Czapczyk returned a few hours later and took him to a holding cell. The complaint alleges Officer Bailey should not have delayed calling a sergeant. It alleges Mr. Jefferson was in danger in 7 Dorm after the unknown sergeant and Sgt. Czapczyk left for a few hours. However, the complaint does not allege Mr. Jefferson was actually attacked during that time. Fear of the possibility of an attack that does not materialize does not state a claim absent "extreme and officially sanctioned psychological harm . . .." *Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997). In *Doe*, the court found that a prisoner plaintiff who was not attacked, but spent two months "living with the constant threat of death," did not state a claim. Nor do the allegations here.

The amended complaint does not state a claim against Officer Bailey, Sgt. Czapczyk, or Sgt. John Doe. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it does not state a claim for which relief can be granted.

SO ORDERED.

July 20, 2021                                     *s/ Damon R. Leichty*
                                                  Judge, United States District Court